MASONIC MUTUAL BENEFIT ASSOCIATION *vs.* LOUISE P. SEVERSON ET AL.

Third Judicial District, Bridgeport, April Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

It is not essential to the validity of the acts of a voluntary association that they should be recorded. Accordingly, if the records are silent concerning certain amendments to the by-laws, evidence *aliunde* is admissible to prove that such amendments were in fact proposed and adopted.

Every member of a mutual benefit society agreed, on becoming such, to conform to the by-laws "now in force or which may hereafter be adopted." *Held* that the by-laws as amended and in force at a member's decease, and not those existing at the date of his admission, determined his beneficiary, whose rights as such were not affected by a testamentary gift of all the decedent's estate to another person.

Argued April 18th—decided May 3d, 1899.

ACTION of interpleader, brought to the Superior Court in New Haven County and tried to the court, *Prentice, J.;* facts found and judgment rendered in favor of Louise P. Severson, from which the other respondent, Mabel P. Stivers, appealed for alleged errors in the rulings of the court. *No error.*

The plaintiff is a mutual benefit society composed of Free Masons. Each member is admitted after a written application to the board of directors, stating "upon my honor as a man and a Mason" his qualifications, and that "I agree to render punctual payment of all dues and assessments for which I may become liable, and to conform in all respects to the by-laws, rules and regulations of the above named association now in force, or which may hereafter be adopted by the same, or its board of directors."

If the applicant is approved, he receives a certificate of membership as follows: "This is to certify that Bro. is a member of the Masonic Mutual Benefit Association, of New Haven, Connecticut, and is entitled to all the benefits provided by the by-laws."

On these terms Joel L. Prouty, through whose membership both defendants claim, was admitted a member, February 14th. 1876.

At that time Art. VII of the by-laws regulated the disposition of the benefit fund, and provided as follows : " When a member of the association dies, a sum amounting to as many dollars as there were members at the time of his death, will become payable from the treasurer, as follows : 1. To the person or persons designated by the deceased to receive said sum in his application for membership; the association reserving the right, in case any such persons are minors, to require a guardian or trustee to be appointed over them before their portion of said sum shall be paid. 2. If the deceased shall have designated no person or persons to receive said sum, or if such person or persons shall have deceased, it shall be payable to his widow, for the use of herself and minor children, if any, of the deceased, or, if there be no widow, it shall be payable to a guardian or trustee appointed for said children. 3. If deceased shall have made no designation, or if the person or persons therein designated have deceased and leave no widow or minor children, then the said sum shall be payable to his executor or administrator."

The by-laws were from time to time changed and amended in the manner therein provided for amendment, and published in pamphlet form for use and distribution. Such pamphlet publications were made by the officers and directors of the association, and were distributed among and used by its officers and members as the by-laws of the association. No votes authorizing such publications appear upon the secretary's records of the meetings, nor do the pamphlets themselves contain any attestation of any one as to their character.

Said article VII was upon two occasions prior to Mr. Prouty's death, changed and amended, to wit, on January 14th, 1887, and on January 8th, 1892. As amended on January 8th, 1892, said article provides for the disposition of the benefit fund as follows : 1. To the person designated by the deceased in his application; the association reserving the right to have a guardian appointed in case such person is a minor. 2. If

deceased shall have designated no person, or if such person shall have died, it shall be payable to his widow, or, if there be no widow, to his children equally, a guardian to be appointed for said children if minors. 3. If deceased shall have made no designation, or if the person designated shall have died and leave no widow or children, then the same shall be payable to his executor or administrator.

The by-laws concerning the disposition of the sum payable upon the death of a member, as amended on January 8th, 1892, were in force at the time of Mr. Prouty's death.

The by-law regulating amendments, provides that no by-law shall be altered except by a two-thirds vote of all members present at a meeting called for that purpose, or at a regular meeting of the association, and all propositions for such change shall be made in writing; that when amendments are made at a special meeting, previous notice of such alteration shall be sent to every member; that any director, when delegated so to do, shall have power to give the vote of a member not present, and that the names of all voters by proxy shall be given in the handwriting of each.

At the time said Prouty became a member he had living a wife and two children only: Lucy B. Osborne and the defendant Louise P. Severson, each of age. Said Lucy B. Osborne had living at that time two children, to wit, the defendant, Mabel P. Stivers, and one Harry S. Osborne, both of whom are still living. Said Prouty in his application for membership designated his said wife as the person who should receive the money payable upon his death. This designation was never changed, and he never made any other designation. His daughter, Lucy B. Osborne, died February 29th, 1882. His wife died in August, 1889.

April 23d, 1890, said Prouty made a will by which he gave to his granddaughter, the defendant Mabel P. Stivers, all his estate.

Said Prouty died January 4th, 1897, leaving his daughter, Louise P. Severson, and his grandchildren, Mabel P. Stivers and Harry S. Osborne, surviving.

Upon the trial the defendant Louise P. Severson claimed

that she was entitled to said fund by virtue of said amended by-laws found to be in force at the time of her father's death.

The defendant Mabel P. Stivers claimed (*a*) that she was entitled to the whole amount found due from the association, by virtue of her grandfather's will; (*b*) that defendant Louise P. Severson was not entitled to any portion of said fund, because she was not a minor at the date of her father's death, nor at any time during his membership; (*c*) that the original by-laws respecting payment of benefits apply to this case, and that the amendments could not deprive Prouty of his right to have said benefit fund paid to his executor or administrator; (*d*) that said amendments were void, except as the records of the association show they were legally adopted or approved; (*e*) that said Prouty had a vested right to have said benefit paid in accordance with the by-laws in force when he became a member, or at least he was only bound by such subsequent changes as were legally made, and as by their language were explicitly applicable to existing memberships; (*f*) that if said fund is not legally payable to said Mabel P. Stivers, it is legally payable to the executor on the estate of said Prouty; (*g*) that said Mabel is entitled, as granddaughter and heir at law of said Prouty, to receive one fourth of the sum payable by said association.

The court made the following ruling upon the admission of evidence (paragraphs 18 and 19 of the finding): "18. Upon the trial, it appearing that the records of the meetings of said association were silent concerning a large number of the amendments to the by-laws of the association, and among them the amendment of January 14th, 1887, aforesaid, and concerning the action of the association in framing and promulgating its by-laws as amended, the defendant Mrs. Severson offered evidence *aliunde* these records, to wit, the pamphlet publications of the by-laws aforesaid, together with the evidence of sundry officers, directors, and members of said association who were present at said meeting, and at subsequent meetings held on January 8th, 1892, and January 12th, 1894, to prove that said amendments of January 14th, 1887, as they appeared in the pamphlet publication thereafter made,

Masonic Mutual Benefit Association *v.* Severson et al.

and as above recited, were in fact made and adopted by the vote of said meeting, and in the manner prescribed for said amendments, and that said article VII as thus amended was at the meeting of January 8th, 1892, and January 12th, 1894, re-adopted and confirmed. To the admission of all this evidence the defendant Mabel P. Stivers, through her counsel, objected, as incompetent, and for the reason that the action of said association at said meetings could only be shown by the records thereof kept by its secretary, and that no changes or amendments of said by-laws would be valid unless recorded in said records. The court overruled said objection and admitted said evidence, the defendant Mabel P. Stivers duly excepting. 19. Upon the evidence so admitted the court found that said amendment of January 14th, 1887, had been made, and the amended article VII, as hereinbefore recited, adopted at a regular annual meeting of said association on that day held, in the manner prescribed in the by-laws for amendments thereto."

The appeal assigns as error the rulings of the court in admitting said evidence, in sustaining the claim of the defendant Louise P. Severson, and in refusing to sustain the claims of the defendant Mabel P. Stivers.

*Charles K. Bush*, for appellant, Mabel P. Stivers.

*Charles S. Hamilton*, for the appellee, Louise P. Severson.

HAMERSLEY, J. It is not essential to the validity of the acts of a voluntary association that they should be recorded; if recorded, such record consists merely of written entries of its acts, made by a clerk appointed by the association for that purpose for its own convenience only, and such entries are not of so solemn a character as to be conclusive. *Goodwin v. United States A. & L. Ins. Co.*, 24 Conn. 591, 601. The court properly admitted the evidence offered to prove the adoption of the amendments to the by-laws. The finding that the amendments were adopted is conclusive.

Mr. Prouty had no vested right in having the fund payable

at his death—in the event of there being no beneficiary designated by him—disposed of as provided by the by-laws in force at the time of his admission as a member. The terms of the contract between the members imply a submission to such changes in this matter as the association may make; these changes apply to all members alike, and the by-laws in force at the death of a member determine the disposition of the fund. *Knights of Columbus* v. *Rowe*, 70 Conn. 545, 550.

The by-law in force at Prouty's death requires the fund to be paid to Louise P. Severson; and the testamentary gift by Prouty of all his estate to his granddaughter, can have no effect upon this disposition of the fund.

There is no error.

In this opinion the other judges concurred.