JAMES A. COUGHLIN ET ALS. *vs.* THE KNIGHTS OF COLUMBUS.

Third Judicial District, New Haven, June Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

The terms of the contract between a fraternal benefit society and its members are to be determined by the charter, constitution and laws of the society as they exist at the beginning of the membership and as they may be amended from time to time thereafter.

Coughlin *v.* Knights of Columbus.

The charter, constitution and laws of the Knights of Columbus provide that the nonpayment of any monthly assessment within thirty days after the first day of the month, shall *ipso facto* suspend a member, and that no assessment from a suspended member shall be received until he is duly reinstated; and that no officer, agent, or council of the order, shall have power or authority to waive or alter these provisions. *Held:*—

1. That nonpayment within the prescribed time by a member since deceased was *ipso facto* a suspension, of which the defendant society might avail itself when sued by the beneficiaries of the decedent to recover a death-benefit.

2. That in view of the express terms of the contract and the peculiar nature of the defendant order, the acceptance of a monthly assessment from the decedent after the prescribed time—although paid by him in good faith and in reliance upon a long-continued practice of his council and of other councils to receive such delayed payments—could not operate against the defendant, either by way of waiver or estoppel.

3. That the admissions made by the plaintiffs in their pleadings precluded them from claiming that the defendant, in its corporate capacity and by the numerous and repeated acts of its officers and members, had changed its constitution and laws prescribing the manner of levying, collecting and paying assessments.

Under the law of agency the general officers of ordinary corporations, in transacting corporate business with third persons, not only represent the corporation but may be treated in effect as the principal. This rule, however, does not apply with equal force to the officers of a fraternal benefit society in dealing with its own members, because of the peculiar nature of such an organization and of the knowledge which its own members have as to the limited power and authority of such officers.

Averments of legal conclusions from the facts alleged are not admitted by a demurrer.

Argued June 5th—decided July 30th, 1906.

ACTION to recover the amount of a death-benefit, brought to and tried by the Court of Common Pleas in Fairfield County, *Curtis, J.,* upon the defendant's demurrer to the plaintiffs' amended reply; the court sustained the demurrer and rendered judgment for the defendant, from which the plaintiffs appealed. *No error.*

*Stiles Judson,* for the appellants (plaintiffs).

*James H. Webb,* for the appellee (defendant).

HAMERSLEY, J. · Patrick Coughlin died February 10th, 1904. For some time prior to his death he had been an insurance member of a fraternal benefit society or order, incorporated by this State under the name of the Knights of Columbus, and connected with a subordinate council of said order known as Aragon Council No. 127. He had designated the plaintiffs as beneficiaries of the death-benefit that might become payable on his death. This action is brought to recover $1,000 claimed as a death-benefit payable to the plaintiffs by force of the contract made by Patrick Coughlin with the defendant when he became an insurance-member of the order. The terms of said contract are determined by the constitution and laws of the defendant as existing when Coughlin became a member, and amended from time to time. *O'Brien* v. *Brotherhood of the Union*, 76 Conn. 52, 55 Atl. 577 ; *Gilmore* v. *Knights of Columbus*, 77 Conn. 58, 58 Atl. 223 ; *Masonic Mutual Benefit Asso.* v. *Severson*, 71 Conn. 719, 43 Atl. 192.

The answer alleges all the provisions of the defendant's charter, constitution and laws, and sets forth a copy thereof which.is admitted to be substantially correct. From this document it appears that the contract between Coughlin and the defendant included the following terms : Coughlin agrees to subject himself to the constitution and laws of the order ; to pay his regular monthly assessment, established for indirectly feeding the death-benefit fund of the order, to the financial secretary of his council within thirty days from the first day of each month ; that said financial secretary shall in no case receive assessments from him after he shall be *ipso facto* suspended and before he shall be reinstated according to the laws of the order ; that he shall become *ipso facto* suspended upon his failure to pay any regular monthly assessment within thirty days from the first day of the month ; that he shall not be reinstated unless he makes the prescribed written application therefor within one year from the date of his suspension, and shall then only be reinstated upon such conditions as the committee on reinstatement may direct and determine ; that no·death-

benefit shall be paid to his beneficiary if, prior to the time of his death, he shall be *ipso facto* suspended by the laws of the order and shall not be reinstated according to said laws; that no officer, agent or council of the order has the power, right or authority to waive the above conditions, or to change or vary any provision of the constitution or laws; that the right to a death-benefit is given by the defendant and accepted by Coughlin only upon these conditions, and subject to the constitution and laws of the order. Sections 52, 74, 85, 86, 89, 139, 167 ¶ 4, 217.

The defendant agrees that it will upon the death of Coughlin pay the prescribed death-benefit to his beneficiary, provided that at the time of his death he shall be a member of the order in good standing, and provided further that he shall not have been prior to his death *ipso facto* suspended by the laws of the order and not reinstated according to said laws. Sections 73, 74.

The answer further alleges that within six months prior to his death, on more than one occasion, said Coughlin failed to pay to the financial secretary of his council his regular monthly assessment within thirty days from the first day of the month, and that said assessments were paid by Coughlin to and received by the financial secretary some time after the expiration of said thirty days, and that said Coughlin after his said failure to pay his monthly assessment within thirty days was not reinstated as a member of the order.

The answer substantially admits the plaintiffs' right to recover, except for Coughlin's failure to pay his monthly assessments and to be reinstated as alleged.

The reply substantially admits that the charter set forth in the answer is the charter of the defendant; that the constitution and laws of the Knights of Columbus governing the National, State, and subordinate councils, adopted August 16th, 1901, amended March 5th, 1902, set forth in the answer, are the constitution and laws of the defendant; and that Patrick Coughlin did not pay his monthly assessment to the financial secretary within thirty days from the

first day of August, 1903, and was not after such failure reinstated as a member of the order. In connection with these admitted facts the reply makes various allegations (par. 9–20) which, it is contended, state facts sufficient to support the cause of action notwithstanding the admissions made.

The defendant's rejoinder admits certain allegations of the reply, and demurs separately and specifically to each paragraph from 12 to 20, specifying matters of form as well as substance. The trial court sustained this demurrer. The plaintiffs refused to plead further, and requested that judgment be entered for the defendant. Thereupon the court adjudged that the defendant recover its costs of the plaintiffs. This appeal is taken from that judgment, and the correctness of the court's ruling in sustaining the demurrer is the only substantial question before us.

We find some difficulty in extracting from these pleadings the precise questions of law involved. The allegations of the reply are made, and the language used is employed, in view of, and must be read and interpreted in connection with, the body of laws admitted by the reply to be the laws of the defendant. The plaintiffs' claims depend in part upon the construction of these laws and upon legal conclusions drawn in the application of the laws to material facts, and such conclusions, although stated, are not facts admitted by a demurrer, especially when particularly objected to as conclusions of law. The material facts specially alleged, as we read the reply, are few and may be stated thus :—

The laws of the defendant order provide for a monthly assessment (for feeding the death-benefit fund of the order) against each subordinate council, the amount of which is based upon the number of its insurance-members as reported monthly by its financial secretary to the national secretary ; that each subordinate council shall be charged, under severe penalty, with the payment of this assessment, and that its treasurer shall pay the whole amount thereof to the national secretary immediately after the first day of

the month; that each insurance-member of a council shall
pay his regular monthly assessment for feeding the death-
benefit fund of his council to the financial secretary of that
council within thirty days from the first day of each month,
under penalty of *ipso facto* suspension from membership of
the order for failure to so pay; and that the financial sec-
retary shall not receive assessments from members who
have been *ipso facto* suspended and not reinstated. Not-
withstanding these provisions, it has for a long time been
the practice of members of Aragon Council not to pay their
monthly assessments until required so to do by a collecting
officer appointed by the council, and the practice of its fi-
nancial secretary to receive the money so paid after the ex-
piration of thirty days from the first day of the month, and
not to state in his monthly report to the national secretary
the fact that certain members of his council, included in the
number of members reported as in good standing, have thus
paid their assessments after the time prescribed by law for
payment has expired. The national secretary, with knowl-
edge of this practice, has continued to issue each regular
monthly assessment against Aragon Council, based upon the
number of insurance-members of the council as thus re-
ported to him by the financial secretary thereof, and to re-
ceive and accept from the treasurer of that council the full
amount of each such monthly assessment. This practice
has continued with the knowledge of the other officers of the
order charged with duties in connection with issuing and re-
ceiving assessments for the death benefit-fund against the
Aragon Council. A similar practice has for a long time
prevailed in the other councils of the order in respect to the
payment by their members of their regular monthly assess-
ments, and a similar practice in respect to the issue and
collection of assessments against the other councils of the
order has in like manner prevailed. Patrick Coughlin,
knowing of this practice, in fact believed that he was not
required to pay his monthly assessment within thirty days
from the first day of the month, and that he might lawfully
pay the same after the expiration of that time, so long as

he paid when requested so to do by the proper officer of his council; and acting on this belief he did not pay the assessments mentioned in the answer within thirty days from the first day of the month, but did pay the same, after the expiration of that time, to the financial secretary of his council.

The foregoing facts are alleged in the reply, and for the purpose of testing its legal sufficiency are admitted by the demurrer. These facts are alleged in the reply in connection with and relation to other facts appearing in the reply through its admissions, including the existence of the constitution, laws and rules of the defendant order as set forth, and must be given such significance as legally belongs to them in their relation to such other facts.

The plaintiffs claim that all the facts appearing in the reply legally involve certain conclusions therein stated: 1. The payment by the treasurer of Aragon Council of the monthly assessment against that council, immediately after the first day of the month, was equivalent in legal effect to a payment by Coughlin of his individual monthly assessment to the financial secretary of his council within thirty days from the first day of the month. 2. The actual belief of Coughlin, that he might lawfully pay his assessment after the expiration of thirty days, was induced by the conduct of the defendant's officers, and estopped the defendant from enforcing the penalty imposed by law for failure to pay within the prescribed time. 3. The performance of Coughlin's obligation to pay his monthly assessment within the time prescribed by law was by force of the facts alleged waived by Aragon Council. 4. The performance by Coughlin of his obligation to pay his monthly assessment to the financial secretary of his council within the time prescribed, was, by force of the facts alleged, waived by the defendant.

We think that these claims are untenable. As to the first conclusion, it is contrary to the laws of the order, upon this point plain in their language and unmistakable in their meaning. As to the second conclusion, Coughlin knew

the law as well as its continuous violation. His belief that such violation justified his disobedience cannot save him from the penalty he knowingly and voluntarily incurred. Whether or not the defendant has waived the right to set up, or is estopped from setting up, in this action, Coughlin's disobedience of the law he had contracted to obey, is a question to be hereafter considered. As to the third conclusion, it is sufficient to say that the terms of the defendant's charter, constitution and laws, from which it is inferred, render it legally impossible for Aragon Council to waive the conditions upon which Coughlin's benefit certificate was issued, or to change or vary any of the provisions of the constitution or laws of the order. It is therefore immaterial whether or not the vote of Aragon Council mentioned in the reply purports to authorize such waiver of conditions or alteration of the laws. The fourth conclusion really includes the substance of the others, and its consideration will dispose of the plaintiffs' whole claim.

We have stated above the terms of the legal contract as determined by the constitution and laws of the order, arising between the defendant and Coughlin upon his becoming an insurance-member of the order, as the same existed at the time of his death, and which this action is brought to enforce. The most important of these terms, and one which constitutes the very substance and essence of the contract, is this : It is agreed between the defendant and Coughlin that he shall within thirty days from the first day of each month pay to the financial secretary of his council, for the death-benefit fund of that council, an assessment of the amount specified; that upon any failure to pay such assessment within the time prescribed he shall be *ipso facto* suspended from membership until reinstated ; that if he shall die while so suspended, no death-benefit shall be paid to his beneficiaries by the defendant ; that no officer or council of the order shall have power to waive this condition or vary the provision of the constitution or laws in pursuance of which it is imposed; and that the right to a death-benefit is given by the defendant and ac-

cepted by Coughlin only upon this condition and subject to the constitution and laws of the order.

The plaintiffs' claim of a waiver assumes that the acts of the defendant's officers as alleged in the reply are sufficient to constitute a waiver of the substance of the contract. Admitting this assumption to be correct, the grounds of the plaintiffs' conclusion may be stated thus: The defendant and Coughlin agreed that in the event of Coughlin's death no death-benefit should be paid to his beneficiaries unless he should pay each monthly assessment within the time prescribed, or, in case of failure so to do, should be duly reinstated as a member. Coughlin shortly prior to his death failed to pay his assessment within the prescribed time, and was not reinstated as a member. The defendant and Coughlin agreed that this condition imposed by the constitution and laws of the order could not be waived, and that the law imposing the condition could not be varied by any officer or council of the order. The officers of the order, prior to Coughlin's death, did waive this condition of the contract between Coughlin and the defendant; therefore the defendant waived the condition.

The fallacy involved in the conclusion is manifest. It is true that under the general law of agency applied to ordinary corporations, a general officer in transacting the business of the corporation may be treated as an agent and the corporation as his principal, and that for such transaction the agent is in effect the principal so far as affects the rights of the other party. But this rule does not apply with equal force to the officers of this defendant corporation in dealing with the members of the corporation under its peculiar charter, constitution and laws. The peculiar and limited purposes of the corporation are executed through the agency as well of members as of officers. Officers and members are alike bound by the laws which prescribe and limit their duties and powers. No breach of duty by an officer, in exceeding his authority or disobeying a law, can impose upon a member who is equally cognizant of the laws binding alike on both, or put him in a

worse position in respect to the obligations to the corporation binding on him as a member. Moreover, in the case of ordinary corporations, the rule that estops a principal from disclaiming the act of an agent in excess of authority, as against a third party dealing with the agent, is greatly modified when the third party knows that the officer has only a special authority and the precise limits of that authority. *Ward* v. *Metropolitan Life Ins. Co.*, 66 Conn. 227, 241, 33 Atl. 902. The officers of this defendant corporation, in dealing with Coughlin and other life insurance-members, were all acting as special agents under a special authority, the precise limits of which were known to all members, and their acts alleged in the reply were in excess of this authority and cannot operate to prevent the defendant, either by way of waiver or estoppel, from maintaining its defense to this action as stated in its answer. *Lyon* v. *Supreme Assembly R. S. of G. F.*, 153 Mass. 83, 26 N. E. 236 ; *Kocher* v. *Supreme Council C. B. L.*, 65 N. J. L. 649, 48 Atl. 544; *Modern Woodmen of America* v. *Tevis*, 117 Fed. Rep. 369.

The plaintiffs urge that the multitudinous acts of the officers and members of the order alleged in the reply have become, by reason of long continuance, the practice and custom of the defendant in its corporate capacity, and therefore such practice has, in legal effect, worked a change of the defendant's laws, substituting for those precisely prescribing the manner of levying, collecting and paying assessments, other laws differing from the laws thus altered in the vital particulars.

Such claim is absolutely precluded by the admissions of the reply. Evidence of such usage might be admissible for the purpose of ascertaining the real meaning of the laws, if the language used rendered their meaning doubtful; but their meaning is expressed in language so clear and explicit that no room is left for construction. If this claim of the plaintiffs were permissible and correct, then the conditions of Coughlin's contract, determined by the constitutional laws of the order, would not be those ad-

mitted by the pleadings in this case, but would be those determined by the constitution and laws, as altered in the manner claimed by the plaintiffs. There would then be no question of waiver or estoppel. It is thus apparent that the plaintiffs' main reliance is upon the alteration of the defendant's laws as claimed, and that this claim does not involve the law of waiver and estoppel in respect to a vital condition of Coughlin's contract, but rests solely upon the legal possibility of a change being effected in the defendant's charter, constitution and laws (assuming that the claim of such change is properly presented by the pleadings), by means of a general and continuous disobedience by its officers and members. Manifestly such legal possibility does not exist. The charter can be changed only by the legislature. The constitution and laws, by force of the charter as well as of their explicit terms, can only be changed by the National Council at its annual, or a special, session, at which the members of the order appear by representation. This provision appears by the charter, constitution and laws before us to be fundamental to the special purposes and existence of the order as a corporation; and every individual insurance-member has a right, as against the other members and all officers, to the enforcement of this provision by the defendant as a corporate entity.

It is true that the broad allegations of the reply may indicate a general feeling among the members that the laws of the order ought to be changed, but it is also true and admitted that notwithstanding the opportunity afforded for a change at each annual National Council, they have never made such change. The marvel of such a condition does not affect the law; possibly the illegal acts of officers and members, necessarily admitted for the purpose of testing their legal effect, may not in fact be as universal as is implied in the plaintiffs' broad allegations. We think that the charter, constitution and laws of the defendant have not been abrogated or altered by reason of the facts alleged in the reply, but that they are as set forth in the answer

and admitted in the reply, and determined the conditions of Coughlin's contract with the defendant as we have stated them; that the breach of those conditions is substantially admitted by the reply; that the material facts alleged in the reply do not in law constitute a waiver of these conditions by the defendant; that the defendant is not estopped from setting up in defense to this action Coughlin's failure to comply with these conditions; that the court did not err in finding the issues of law for the defendant and that the reply was insufficient.

If the plaintiffs' claim that the court erred " in holding that the reply did not present such issues in fact as entitled the plaintiffs to a trial thereon," means that notwithstanding the finding of the court upon issues of law there remained undetermined substantial issues of fact presented by the pleadings entitling the plaintiffs to a trial, such error is not properly assigned and we think is not supported by the record. In view of the facts as admitted in the pleadings, and the issues of law as found by the court, the judgment is substantially correct.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred, except PRENTICE, J., who dissented.