## MADEIRA *v.* MERCHANTS' EXCHANGE MUT. BEN. SOC.[*]

*(Circuit Court, E. D. Missouri. June 4, 1883.)*

INSURANCE—MUTUAL BENEVOLENT SOCIETY—FAILURE TO PAY DUES.

Where a certificate of membership, in the nature of a life policy, issued by a mutual benevolent society, provided that the amount of insurance therein specified should be paid in case of the member's death to his beneficiary, on condition that he had "complied with the by-laws of the society," and the by-laws provided that members should forfeit their membership if they failed to pay

[*] Reported by B. F. Rex, Esq., of the St. Louis bar.

their dues within 30 days after publication of an assessment, and it appeared from the evidence that the assured had failed to pay an assessment within the time specified, and that it remained unpaid at the time of his death, *held*, that he had forfeited his membership, and that there could be no recovery under his certificate.

This is a suit brought by the widow of Walter C. Madeira to recover insurance upon her husband's life, alleged to be due from the defendant, a corporation organized under the laws of Missouri, of which Mr. Madeira is alleged to have been a member at the time of his death. The by-laws of the association provide that any member who shall fail to pay his dues within 30 days after the publication of a notice of an assessment shall forfeit his membership.

Evidence was introduced at the trial tending to show that notice of an assessment had been published about seven months before Mr. Madeira's death, and that at the time of his death he had not paid the amount assessed against him. His certificate of membership was introduced in evidence and was as follows:

"This is to certify that Walter C. Madeira is a member of the Merchants' Exchange Mutual Benevolent Society of St. Louis; that he is a contributor to the benefit and local funds of said society, and upon the condition that the statements contained in his application for membership are true, and that he has complied with the by-laws of the society, then the sum of one dollar for each member of the society at the time of his death will be paid to his beneficiary, upon satisfactory evidence of death being furnished to the board of trustees."

*Robert Harbison* and *Hannibal Loevy*, for plaintiff.

*Dyer, Lee & Ellis*, for defendant.

TREAT, J. The briefs and authorities have been fully considered, and nothing is found to take this case out of the rulings by the United States supreme court. The forfeiture of the policy was complete before death, and nothing in the nature of a waiver to avoid forfeiture is shown. Stringent as are the rules in ordinary life policies, they should be more rigidly applied in mutual associations. If, under the latter, parties do not meet their obligations, whereby losses may be paid, why should not forfeiture of their interests be upheld?

Finding and judgment for defendant.