ROOD v. RAILWAY PASSENGER & FREIGHT CONDUCTORS' MUT. BEN. ASS'N.

*(Circuit Court, N. D. Illinois.  June 6, 1887.)*

1. BENEVOLENT SOCIETIES—CONSTITUTION—DECISION OF DIRECTORS—FINALITY.
    A corporation was organized for the purpose of providing for its members
    in case of permanent disability, and for their dependents in case of death, by
    assessments to be levied on the surviving members.  Its constitution provides
    that "all claims against the association shall be referred to the board of di-
    rectors, whose decision shall be final," and that "assessments shall not be
    made except on its authority."  *Held* that, after the decision of the board re-
    fusing payment of a death claim no suit upon such claim can be maintained.
2. SAME—MEMBERSHIP—STRIKING OFF ROLL.
    Where the laws of such an organization provide that, if a member neglects
    or refuses to pay any assessment for a specified period, he shall cease to be a
    member, and the secretary shall strike his name from the roll, such laws are
    self-executing, and the member so omitting to pay loses his rights as a mem-
    ber, although the secretary does not strike his name from the roll.

At Law.

*F. S. Winston* and *James Meagher*, for plaintiff.

*S. J. Miller*, for defendant.

BLODGETT, J.   This is a suit at law brought to recover the sum of
$2,500 as a benefit fund, claimed by the plaintiff to be due her from the
defendant by reason of the death of Sidney G. Rood, plaintiff's husband,
while a member of the defendant association.   The case was tried be-
fore a jury, and, there being no disputed facts, a verdict for the plain-
tiff was taken by direction of the court, and the questions of law arising
upon the undisputed facts have been discussed upon motions in arrest
of judgment and for a new trial.   The defendant is a corporation, not
for pecuniary profit, organized under an act of the legislature of Illinois,
"concerning corporations," approved April 18, 1872; the objects of the
corporation, as stated in the preamble to its articles of association, being
"to provide for the widows and children, heirs and representatives, of
those of our members who may lose their lives, die, or become perma-
nently disabled;" and the membership was to consist of persons who
were conductors on railroads in the United States or Canada.   The gen-
eral plan for carrying out this object was that, upon the death or disa-
bility of a member in good standing, a claim for the benefit funds was.
presented to the board of directors, and, if the board approved and al-
lowed the claim, an assessment of $2.50 on each member was made,
which assessment was to be paid by the members within 30 days from
the time it was made, and the proceeds, not to exceed $2,500, when col-
lected, were paid over to the beneficiary of such member; but the pay-
ment of an assessment was wholly voluntary on the part of members.
It is conceded that the number of members subject to assessment at the
time the claim now in question was presented, was sufficient to have
made the aggregate of the assessment amount to $2,500.

Sidney G. Rood, the husband of the plaintiff, became a member of
the defendant association on the twenty-third of May, 1883; he was at

that time in the employ of the Michigan Central Railroad Company as conductor of passenger trains, and continued in such employment up to August 3, 1885, when he was killed by a railroad accident.   Proof of his death was duly presented by the plaintiff to the board of directors of the association, and a claim made that the benefit fund should be allowed and paid to her.   It was conceded that she was the proper person to make this claim for the benefit fund to be paid upon the death of Mr. Rood, if any person was entitled to such a fund.   The board of directors of the association, after an investigation of the facts in regard to this claim, at a meeting held February 14, 1886, refused to allow the claim and order an assessment for its payment; assigning as the reason of their action that Mr. Rood was at least 60 days delinquent in the payment of his assessments at the time of his death.   A motion to reconsider this action was made before the board at a meeting held May 2, 1886, but such motion was defeated by a unanimous vote, and this suit is brought to enforce the claim.

The motion in arrest is based upon the ground that the power to allow or refuse payment of a claim is vested wholly in the board of directors, and that their action in the premises is final, and can only be disturbed for fraud or gross mistake, and that, inasmuch as the board of directors of the defendant association has passed upon and refused payment of this claim, no suit can now be maintained against the association to enforce it.

The powers of the board of directors who have considered this claim, and refused to pay it, are defined by the fifth article of the constitution of the association, and, so far as they bear upon the questions in this case, are as follows:

"Art. 5. The board of directors shall consist of seven members.   *   *   * To them shall all claims against the association be referred; and upon the approval of a majority of said board, with that of the president, the same shall be paid by the secretary and treasurer.   *   *   *   They shall decide all points of dispute and questions of doubt that may arise, *and their decision shall be final.*   *   *   *   Assessments shall be only made by authority of the board of directors."

It will be seen that the power of these directors in regard to the allowance of this claim, and ordering an assessment to pay it, is plenary. They are clothed with full authority to pass upon each and every claim presented against the association, and their decision is final.   This is a purely voluntary association.   The members of the association have, by their own organic law, provided a tribunal to hear and determine all claims against it, and I do not think any court can be invoked to review the action of the board in a matter so completely delegated to them.   To attempt to enforce by suit any claim which the board of directors has acted upon, or refused to allow or approve, is equivalent to prosecuting an appeal from this board.   It was certainly competent for the members of this association to agree among themselves that the action of their board of directors in reference to any claim presented against the association should be final; and there can be no doubt, from the language of

the clause from the constitution just quoted, that they have so agreed. The duty of the board of directors is twofold : *First*, to approve the claim; and, *second*, to order an assessment to pay it; and no member is under any obligations, expressed or implied, to pay an assessment for the liquidation of a claim against the association unless the claim has been approved by the board of directors, and the assessment ordered by the board. Waiving, therefore, all questions as to whether the board of directors would. be under any more obligations to approve this claim after a judgment had been rendered in favor of this plaintiff than before, it is sufficient to say that it seems clear to me that the sole power of determining whether the association should or should not pay a claim, and an assessment be ordered to pay it, is vested in this board of directors, and no court can review or re-examine their decision in that regard. The constitution says the action of the board shall be final, and the courts must so treat it. The motion in arrest of judgment is therefore well founded.

As to the motion for a new trial. It appears, without doubt, from the proof, that an assessment was made upon the fifth day of June, 1885, for the payment of a claim which had been duly approved by the board of directors; and this assessment should have been paid within 30 days from that day. Another assessment for the payment of a claim which had been duly approved by the board of directors was made on the first day of July, 1885, payable within 30 days from that date; and neither of these assessments had been paid at the time of Mr. Rood's death. Article 6 of the by-laws of the association provides as follows:

"Any and all members of this association neglecting or refusing to pay any assessment for the period of thirty days from date of such assessment shall cease to be a member, and the secretary shall strike his name from the roll of membership, and he shall only be readmitted to membership upon the payment of all unpaid assessments, and an additional fee of two dollars."

It is contended that this clause did not become operative against Mr. Rood, because the secretary did not strike his name from the roll of members, and did not notify him that he had ceased to be a member, but that, on the contrary, although in default, he was treated as a member by making further assessments against him. I do not think this position is well taken. As I have said, the default as to the June assessment was fully shown by the proof, and I am of opinion that the clear intent and purpose of this by-law was that it should be self-operating. As members were under no legal obligations to pay their assessments, the evident intention of this provision was to visit the serious consequences of loss of membership upon all who should refuse or neglect to pay their assessment. Every time a member of this association is called upon to pay an assessment he must make the election either to pay within 30 days, or suffer the penalty of loss of membership by neglecting or refusing to pay within that time. The language of the article is "he shall cease to be a member," and it becomes the duty of the secretary to strike his name from the roll of membership. This latter clause is purely directory to the secretary, and is not the act which severs the relation be-

tween the member and the association.     It is the failure of the member
to pay his assessment within the time limited which terminates his mem-
bership, and not the action of the secretary in striking his name from
the rolls; and the neglect of the secretary to perform this duty cannot de-
feat the operation of this provision in the fundamental law of the body.
If, by merely neglecting to give notice to a defaulting member that his
name had been stricken from the rolls, the membership is continued, it
would then be in the power of the secretary to continue a defaulter as a
member without the payment of his unpaid assessment and his addi-
tional fee of $2, which the articles expressly provide he shall pay before
he can be rehabilitated with his rights of membership.     I am therefore
of the opinion that the court erred in directing the verdict for the plaintiff.

For this reason the verdict of the jury must be set aside, and judg-
ment rendered for the defendant.