# CASES

IN THE

# SUPREME JUDICIAL COURT

OF THE

# STATE OF MAINE

---

MARIA L. GIFFORD, Admx.,

*vs.*

WORKMEN'S BENEFIT ASSOCIATION.

Penobscot.   Opinion December 22, 1908.

*Fraternal Beneficiary Associations.   Contracts.   Rules.   Assessments.
Failure to pay Assessments.   Suspension.   Reinstatements.*

1.  Fraternal beneficiary associations can impose such terms and conditions upon membership not contrary to law as they may choose and members must comply with those terms and conditions in order to be entitled to the benefits of membership.

2.  A rule of such an association that a member failing to pay an assessment on or before the last day of the month in which the call is dated "shall stand suspended from all rights, benefits, and privileges of this association without further notice," is a valid rule and self-executing.

3.  When the rules of such an association provide that a suspended member to be reinstated shall within thirty days from his suspension pay all arrears of assessments, such payment must be made during the life of the applicant for reinstatement.   Payment of such arrears after his death by some other person will not affect the reinstatement, unless such payment be accepted by the association with knowledge of the death.

On agreed statement of facts.   Judgment for defendant.

Action brought by the plaintiff as administratrix of John T. Gifford late of Lee, deceased intestate, to recover the sum of $1000 alleged to be due under a benefit certificate issued to the said deceased

by the defendant association and of which said association the deceased was a member at the time the certificate was issued. Plea, the general issue.

When this action came on for trial, an agreed statement of facts was filed and the case reported to the Law Court for determination.

The case is stated in the opinion.

*A. L. Blanchard,* for plaintiff.

*E. F. Danforth, Louis C. Stearns and Louis C. Stearns, Jr.,* for defendant.

SITTING :  EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

BIRD, J.  This is an action brought by the administratrix of the insured to recover the sum of one thousand dollars claimed to be due under a benefit certificate issued by the defendant, a fraternal beneficiary Association or Order, to the husband of the plaintiff, John T. Gifford, deceased.

It is among the objects of the Order "to establish and maintain, for all accepted members a Benefit Fund, from which, on satisfactory evidence of the death of a member who has complied with all its lawful requirements a sum not to exceed the amount stated in the certificate shall be paid"  .  .  .  .  (By-Law II.)

By the general laws of the Order it is provided that "when an assessment is deemed necessary by the Executive Committee, for either Benefit, Reserve or General Fund, it shall be called on the first or second day of the month, and payment by the members must be made on it before the last day of the same month to the Supreme Secretary in Boston, Mass. (Law VII.)  That "If a member fails to pay to the Supreme Secretary an assessment for either fund on or before the last day of the month in which the call was dated, he shall stand suspended from all rights, benefits and privileges of this Association without further notice ; (Law VIII.) and also that "Any member who has been suspended for non-payment of assessments, may be reinstated within thirty days from the date of his suspension by payment of all assessments called prior to such suspension and

for which he was in arrears. He shall thereupon be reinstated to all rights, benefits and privileges from date thereof." (Law IX.)

The benefit certificate issued by defendant to deceased contains the following clause: "This certificate is issued upon the express condition that said John T. Gifford shall in every particular while a member of said order comply with all the laws, rules and requirements thereof."

The defendant, if liable at all, must be liable upon a contract,— a contract of insurance. The terms and conditions of the contract of this defendant with its members are to be found, in part at least, in its constitution and laws. It had a right to impose terms and conditions upon those who sought membership. *Patterson* v. *Supreme Commandery*, etc., 104 Maine, 355. In the present case, deceased in his application for membership in the association expressly agrees to comply with all laws and rules of the Fraternity.

The certificate issued to the deceased bears date the twenty-fifth day of September, 1895, and he apparently had complied with all the laws, rules and requirements of the Order on the thirty-first day of July, 1907, when the defendant legally and properly called an assessment as of August first, 1907. On the last day of July, 1907, defendant mailed a notice of this assessment to "John T. Gifford, Lee, Maine," which was the last known post office address of deceased. This was in strict conformity to the constitution of the Order relative to notice of assessments.

The notice mailed on the thirty-first day of July, 1907, reached the post office in Lee, Maine, August second, 1907, and on the same day, without the knowledge or direction of either deceased or defendant, was forwarded by the postmaster at Lee to Norcross Maine. The deceased was then at work about two miles from Norcross post office, at Perkin's Siding where he remained until September fourth following. The mail from Norcross post office intended for Perkin's Siding was taken and carried thither by whomsoever happened to be at the post office. The deceased was found unconscious September fourth, 1907, and was then removed to Milo, Maine, where he died September fifteenth following without knowledge of the August assessment.

Two days before his decease, the plaintiff, in the name of deceased, advised the Supreme Secretary of his failure to receive notice of either August or September assessments to which reply under date of September sixteenth was made stating that there was no September assessment and enclosing a duplicate card for the August assessment with a suggestion of immediate payment. On the same day, September 16, one of the sons of deceased, who were the beneficiaries under the certificate, received the card which was mailed to deceased on the thirty-first day of July preceding and which then gave the first notice received by any member of deceased's family of an assessment for the month of August.

On the day of the receipt of the original notice of the August assessment, September 16, the son of deceased, making no allusion to the death of the insured, forwarded the amount of the August assessment to defendant association and September 18 defendant received the assessment and stamped on the back of the notice of the assessment "Received payment Sept. 18, 1907." On the twenty-first day of September, the defendant first received notice of the death of plaintiff's intestate (the insured) and two days later, September 23, sent its check for the amount of the August assessment to plaintiff, which the latter returned to defendant, defendant to plaintiff and plaintiff to defendant which now holds it subject to order of plaintiff.

Upon the foregoing we are to inquire first if one of the beneficiaries under the laws of the Order had the right to pay the delayed assessment after the death of the insured. We must hold that under the laws of the association deceased stood suspended on the first day of September, 1907 from all rights, benefits and privileges of the association and without notice or other action on the part of the defendant association. The provision for suspension was self executing. *Richards* v. *Maine Benefit Association,* 85 Maine, 99, 101; *Coombs* v. *Insurance Co.,* 65 Maine, 382; *Rood* v. *Benefit Association,* 31 Fed. 62, 64. The certificate of deceased therefore stood forfeited on the first day of September, 1907, *Madeira* v. *Benefit Society,* 16 Fed. 749, subject to his right of

reinstatement by payment within thirty days from that date of all assessments called prior to that date for which he was in arrears: See Law IX, supra.

The failure to pay the assessments worked his suspension as a member and the suspension and the forfeiture of the benefit certificate effected by such suspension continued until the insured did the act required for his reinstatement as a member. Being dead he could do no act to reinstate himself and the act of another could not reinstate him being dead.

This is not the case where the laws of the association provide for reinstatement upon presentment of valid reasons for the non-payment of an assessment. In such case the suspension is conditional and it may be held that reinstatement upon presentment of such reasons restores the party to membership as of the day of his suspension and that such reasons may be presented after his death by his representative or a beneficiary. But on this point it is not necessary to express an opinion. Such, we repeat, is not the present case. Here the suspension is absolute and unconditional and payment of arrears works the reinstatement as of the day of such payment. "He shall thereupon be reinstated to all rights, benefits and privileges from date thereof." (Law IX, supra.)

We cannot regard the right of reinstatement as other than a purely personal right which does not survive nor pass to his representatives or the beneficiaries under the certificate. The payment made by the son of deceased, after the death of the latter, although within the period of thirty days after his suspension, could not in itself effect a reinstatement. See *Supreme Commandery*, etc., v. *Bernard*, 26 App. Cas. (D. C.) 169; 6 A. & E. Ann. Cas. 694.

Has defendant waived the forfeiture by receiving the overdue assessments from the son of deceased after, but without knowledge of, his death?

A waiver is the voluntary relinquishment of some known right, benefit or advantage, and which, except for such waiver, the party otherwise would have enjoyed. *Stewart* v. *Leonard*, 103 Maine, 128, 132. Knowledge of the existence of the right, benefit or advantage on part of the party claimed to have made the waiver is

an essential prerequisite to the relinquishment. *North Berwick Co.* v. *N. E. F. & M. Ins. Co.*, 52 Maine, 336, 340, 341; *Williams* v. *Relief Association*, 89 Maine, 158, 164, 165; *Swett* v. *Relief Society*, 78 Maine, 541, 545; *Phoenix Life Ins. Co.* v. *Raddin*, 120 U. S. 183, 196. "One cannot be said to waive that which he does not know." *Marcoux* v. *Society, etc.*, 91 Maine, 250, 258.

It is admitted to be true that at the time of the receipt of the payment made by the son of deceased the defendant had no knowledge either of the death of John T. Gifford or that the payment was made by his son, a beneficiary, and not by himself. There was no waiver by reason of the acceptance of the assessment paid by the son of deceased, after, but in ignorance, of his death; *Williams* v. *Relief Association*, 89 Maine, 158.

There is no evidence in the case upon which the doctrine of estoppel can be invoked by plaintiff.

In accordance with the agreement of the parties, judgment is to be entered for the defendant.

*Judgment for defendant.*