Argued November 28, decided December 19, 1911.

## MUTUAL FIRE CO. *v.* MAPLE.

[119 Pac. 484.]

INSURANCE — FIRE INSURANCE — FORFEITURE — NONPAYMENT OF PREMIUMS.

1. Where a policy of fire insurance in a mutual company provided that, if assessments be not paid within 30 days after the levy of an assessment, the policy should be "null and void," the policy became *ipso facto* void upon nonpayment within that time and not merely voidable, so that the company could not maintain an action to recover the assessment.

INSURANCE—FIRE INSURANCE—FORFEITURE—WAIVER.

2. If, under the by-laws of a mutual fire insurance company, a fire policy became absolutely void and forfeited on nonpayment of an assessment within 30 days after notice, the company, by afterwards suing for the premium, did not waive the forfeiture.

From Multnomah:   WILLIAM N. GATENS, Judge.

This is an action by the Mutual Fire Company, of Port-
land, Oregon, a corporation, against F. E. Maple to
recover an assessment made by the corporation upon a
fire insurance policy issued to the defendant.   From a
judgment rendered by the circuit court in favor of
defendant, plaintiff appeals.                    AFFIRMED.

For appellant there was a brief with oral arguments
by *Messrs. McAllister & Upton* and *Mr. J. G. Richard-
son.*

For respondent there was a brief with oral arguments
by *Mr. Wilfred E. Farrell* and *Mr. Wilber Henderson.*

Opinion by MR. CHIEF JUSTICE EAKIN.

This is an action to recover an assessment made by the
Mutual Fire Company upon the holder of a fire insurance
policy, which was issued on February 25, 1911, to defend-
ant, indemnifying him for the term of one year against
loss of certain goods by fire.   The complaint alleges that
an advance assessment was made on the policy in the
sum of $25, payable in thirty days, pursuant to the by-
laws of the company, no part of which has been paid;
that plaintiff is a mutual company; and that each person
receiving its policy agrees to be bound by its constitution
and by-laws.   The answer admits the facts as alleged in
the complaint and avers that by-law No. 8 provides that
all assessments levied must be paid within thirty days
after notice thereof, and if not so paid that the policy
of insurance shall be null and void; and that an action
may be instituted for the collection of such assessment.

1. The contention of defendant is that the policy *ipso
facto* became void, the assessment not having been paid
by him within the thirty days after notice, and that plain-
tiff is entitled to a *pro rata* of the assessment for the time
the policy was in force and no more, which amount he

tendered to plaintiff before the commencement of the action, and deposited the same in court with his answer.

Plaintiff's contention, as stated in its brief, is, "the sole question for the consideration of the court in this appeal is as to whether the first above-mentioned provision (the forfeiture clause) rendered said policy absolutely void or simply voidable at the option of the plaintiff," contending that it is only voidable; that it may waive the default; and that the bringing of this action by it constitutes such a waiver. In other words, that the nonpayment of the assessment does not render the policy void, but voidable at the option of plaintiff. We cannot agree with this contention. Defendant was in default on March 28th. This action was not commenced until the 19th of August. By reason of such default the policy by its very terms could not have been collected prior to August 19th in case of a loss; and it is plain that for five months after the policy became inoperative defendant was without protection.

2. The commencement of the action did not waive the default. To constitute a waiver, defendant's insurance must have continued during the time of the default. Such a waiver, as is here contended, might as well have been made at the expiration of the term of the policy, and defendant all that time have been without protection. It was not in plaintiff's power to waive the forfeiture or to revive the policy by the act of bringing this action; there being no new agreement or even payment of the premium.

The terms of the policy as to forfeiture are very different from those involved in the cases cited by plaintiff where the liability of the company is suspended during the default in payment, and may be revived by a subsequent payment. In this case the by-law makes the policy void for nonpayment, and that result is not dependent upon the action of the plaintiff, but is self-executing.

There is no conflict between the authorities cited by plaintiff and those cited by defendant. In cases where the forfeiture by the contract is made a condition of non-payment, it is not dependent on or affected by the act of the company: *Rood* v. *Railway Passenger & Freight Conductors' Mut. Ben. Ass'n* (C. C.) 31 Fed. 62; *Lehman* v. *Clark,* 174 Ill. 279 (51 N. E. 222: 43 L. R. A. 648). But in cases where the nonpayment only suspends the liability of the company during the default, the policy is revived upon payment: *Joliffe* v. *Mutual Ins. Co.,* 39 Wis. 111 (20 Am. Rep. 35) ; *American Ins. Co.* v. *Klink,* 65 Mo. 78. The latter cases are in benefit societies where the membership and the benefits are continuing, viz., death or disability benefits; while the risk in question here is upon a fire policy for a limited period, and the by-laws of plaintiff contain no provision for reinstating the policy of making the forfeiture of it optional with the company. The effect of a clause, such as the one here involved, making the policy void for default in payment of a premium, is discussed in a note to *Kennedy* v. *The Grand Fraternity,* 36 Mont. 325 (25 L. R. A. [N. S.] 78), in which the annotator concludes from his review of the case that "at the present time the rule, as laid down by the best-reasoned cases, would seem to be that, if the contract is such that a breach of its conditions terminates it without affirmative action on the part of the company, nothing short of a new agreement supported by a good consideration will revive it, except conduct on the part of the company misleading the insured to his expense or harm, and therefore operating as an estoppel. A mere waiver is not enough."

In *Lehman* v. *Clark,* 174 Ill. 279, 288 (51 N. E. 222, 225: 43 L. R. A. 648), upon a similar clause in the contract it is held that "the provisions of the contract make the forfeiture a part of the contract, and a failure to pay

within the time limited causes the forfeiture, and the contract is self-executing in creating the forfeiture."

We think this case comes clearly within the rule stated in these authorities, and the forfeiture clause is self-executing. As this is the only question presented for our consideration, it must be decided against plaintiff.

Judgment is affirmed.                              AFFIRMED.