KATHERINE CUNNINGHAM ET AL. *vs.* UNITED ASSOCIATION OF JOURNEYMEN PLUMBERS AND STEAM FITTERS OF THE UNITED STATES AND CANADA ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued October 21st, 1931—decided February 16th, 1932.

*Richard D. O'Connell*, with whom was *Edwin M. Ryan*, for the appellants (defendants).

*John C. Blackall*, for the appellees (plaintiffs).

MALTBIE, C. J. Michael J. Cunningham died August 26th, 1927, leaving no will and as his sole heirs at law and next of kin his widow and a minor son, the plaintiffs. In 1901 he had become a member of the local branch of the defendant association. By the constitution of the association, upon the death of any member in good standing such person or persons as he might have designated by will or in the absence of such designation his heirs at law become entitled to a death benefit of $500. The constitution of the defendant provides: "Any member owing over the amount of three months' dues shall stand suspended from all monetary benefits, rights and privileges of his local union and

shall not be entitled to any monetary benefits, rights and privileges until three months after his reinstatement." "Whenever a member stands suspended for having owed over the amount equal to three months' dues, in accordance with the preceding section, he shall pay all amounts due before he is placed in good standing, together with $1 reinstatement fee; receive a reinstatement stamp from the Financial Secretary, to show that his dues have been paid to date, and that the reinstatement has been paid for." The finding states that Cunningham was in arrears for all dues subsequent to April 20th, 1927, as well as for a reinstatement fee of $1 due in 1926 but never paid. The date, April 20th, is obviously an error, as the appellant concedes in its brief, and April 30th was the date intended. The trial court concluded that Cunningham's default had been waived by reason of a card issued to him, and signed, by the secretary of the local union. This card is designated as a quarterly working card of the Building Trades Department of the American Federation of Labor; it states that Cunningham was a member in good standing; and it was clearly marked as being issued for the months of April, May and June and as expiring June 30th, 1927. As Cunningham could not be suspended until an amount greater than the dues for three months was owing and his dues under the finding were paid to the end of April, he would in fact continue to be in good standing during May and June. There was no inconsistency between the statement upon the working card that he was in good standing during April, May and June and his incurring a suspension at the end of three months after April. There was therefore no basis for the waiver which the court has found and there is no occasion to inquire into the relations of the defendant or its local union to the building trades department or into the

secretary's authority to issue the card. There was error in the judgment of the trial court.

Upon the facts found, however, we are not able to determine the rights of the parties. It is true that the finding states that Cunningham was in arrears for all dues subsequent to April 30th, 1927, as well as for the reinstatement fee of $1. Undoubtedly the provision of the defendant's constitution concerning the suspension of members from receiving any monetary benefits when they are in arrears to the amount stated automatically brings about a suspension when such a situation arises. *Coughlin* v. *Knights of Columbus,* 79 Conn. 218, 64 Atl. 223; *Gifford* v. *Workmen's Benefit Association,* 105 Me. 17, 72 Atl. 680; 2 Bacon, Life & Accident Insurance (4th Ed.) p. 1141. But the constitution of the defendant, while it fixes the amount of monthly dues, does not designate when they are payable and on this record no rule or by-law of the local union governing the matter appears. The trial court has found that it was not the custom of the local union to demand or require dues to be paid except when a member was financially able to pay them, but this finding is attacked by the appeal and as we find no evidence to support it, must be stricken out. There is then nothing upon the record which fixes the time when dues are payable; for aught that appears, either by rule or by-law or some binding custom, they may have been payable not each month, but, for instance, only once in three months, or once in six months, or upon demand. It is the time when dues become payable, not the month for which they are paid, which must determine whether a member is in arrears for more than three months' dues. Cunningham was not in arrears until after the month of April. When after that time dues became payable does not appear. We lack a finding of the necessary facts to determine

whether Cunningham at the time of his death actually was in arrears for more than three months. Also a fuller finding of facts may disclose some valid grounds of waiver or estoppel. We therefore can only direct a new trial.

There is error, the judgment is set aside and a new trial directed.

In this opinion the other judges concurred.